IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff/Respondent, § | |
| § | |
| V. § | CR. No. 2:14-CR-536 |
| § | (CV. No. 2:16-CV-176) |
| VICENTE ROSALES-JAIMES, § | |
|    Defendant/Movant. § | |

### ORDER DENYING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Vicente Rosales-Jaimes (Rosales-Jaimes) filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 39.[1] He also filed a motion to revoke his term of supervised release. D.E. 40. The government responded, but Rosales-Jaimes did not file a reply. D.E. 43. For the reasons stated, the motion to revoke his supervised release is denied, his § 2255 motion is denied, and Rosales-Jaimes is denied a certificate of appealability.

### I.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### II.   BACKGROUND AND CLAIMS

Rosales-Jaimes pleaded guilty to illegal reentry in 2014.[2] D.E. 21. After his guilty plea, the Probation Department prepared a Presentence Investigation Report (PSR). D.E. 19. His base offense level for illegal reentry was eight, but was

---

[1] The Court received a second § 2255 motion on September 26, 2016. D.E. 42. It was assigned a new civil case number, 2:16-CV-406. The claims in the second motion are also based upon *Johnson*, but the motion does not attach the lengthy memorandum attached to the earlier filed motion.

[2] D.E. references are to the docket entries in the criminal case unless otherwise specified.

1

enhanced by eight levels due to his 1995 Iowa conviction for aggravated assault. *Id.*, ¶ 14 (U.S.S.G. § 2L1.2(b)(1)(C)). After credit for acceptance of responsibility, his total offense level was 13. *Id.*, ¶¶ 19-22. Rosales-Jaimes' previous convictions resulted in a criminal history category of VI[3] and a guideline sentencing range of 33 to 41 months imprisonment. *Id.*, ¶¶ 38-45, 50. The Court sentenced him to 33 months imprisonment and two years supervised release. D.E. 26.

Rosales-Jaimes appealed to the Fifth Circuit Court of Appeals. That court dismissed his appeal as frivolous. D.E. 38. The present motions followed.

### III.   MOVANT'S CLAIMS

Rosales-Jaimes challenges the enhancement to his offense level pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). He also seeks to have the two year term of supervised release removed from his sentence.

### VI.   ANALYSIS

**A.   28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for

---

[3] Between 1991 and 2014, Rosales-Jaimes had multiple traffic offense including two DWIs, two driving without a license, as well as willful injury, aggravated assault, public intoxication, willful failure to appear, carrying a handgun without a license, and illegal reentry. *Id.*, ¶¶ 24-33.

2

transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     *Johnson* Claim**

Rosales-Jaimes challenges the enhancement of his offense level based on his 1995 conviction for an aggravated felony. Rosales-Jaimes' enhancement for an aggravated felony is based upon § 2L1.2 of the 2013 Sentencing Guidelines Manual. Subsection 2L1.2(3)(A) application notes define aggravated felony by referencing section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)). *Id*. Title 8, § 1101(a)(43) in turn, defines aggravated felonies to include, among other things, "crime[s] of violence ... as defined in section 16 of Title 18 ... for which the term of imprisonment [is] at least one year." *United States v. Gonzalez-Longoria*, 831 F.3d 670, 674 (5th Cir. 2016) (en banc). Section 16 defines crimes of violence in two parts:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *Gonzalez-Longoria,* the Fifth Circuit considered a *Johnson* challenge to § 16(b). The en banc court held that § 16(b) is not unconstitutionally vague.[4] In addition, the Fifth Circuit has rejected the application of *Johnson* to the sentencing

---

[4] A petition for writ of certiorari was filed on Sept. 29, 2016, No. 16-6259. The constitutionality of § 16(b) is also at issue in *Lynch v. Dimaya*, No. 15-1498, which was argued on January 17, 2017.

3

guidelines. *In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016) (per curiam). "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines. Nor has the Supreme Court held that a Guidelines enhancement that increases the Guidelines range implicates the same due process concerns as a statute that that increases a statutory penalty." *Id*. Rosales-Jaimes' *Johnson* challenge to his enhancement pursuant to § 2L1.2 is foreclosed by binding Fifth Circuit precedent.

## C.  Supervised Release

Rosales-Jaimes argues that the Court should not have imposed a term of supervised release citing to U.S.S.G. § 5D1.1(c). The PSR cited to this provision. D.E. 23, ¶ 55.

Subsection 5D1.1(c) was added in 2011 and provides that "The court *ordinarily* should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." *Id*. (emphasis added). The application notes suggest that a court should consider imposition of a term of supervised release on an alien defendant if the court determines "it would provide an added measure of deterrence and protection . . . ." *Id*. application note 5.

The Fifth Circuit described "§ 5D1.1(c)'s admonition . . . []as hortatory rather than mandatory." *United States v. Dominguez–Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). [A] district court therefore does not depart from the Guidelines when it imposes a term of supervised release that is within the statutory and guidelines range for the offense of conviction." *Id*.; *see also United States v. Garcia-Aguirre*, 2016 WL 7321349 at*2 (5th Cir. Dec. 15, 2016) (affirming imposition of supervised

4

release on deportatable alien who had illegally reentered two previous times); *United States v. Castillo-Ce;zaya*, 2016 WL 7118464 at *1 (5th Cir. Dec. 6, 2016) (per curiam) (unpublished) ("Because the district court imposed a within-guidelines term of supervised release, it is presumptively reasonable . . . and we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines . . . ." (internal citations and quotations omitted)).

Rosales-Jaimes has been convicted twice of illegal reentry; his PSR lists nine known aliases; he has been convicted of numerous misdemeanors and felonies, and has entered the United States illegally more than three times. This Court exercised its discretion to impose a term of supervised release.

Rosales-Jaimes' motion is not supported by statutory authority to support his request for removal of the term of supervision. A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). Although there are exceptions to the rule, none apply here. His motion is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rosales-Jaimes has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Rosales-Jaimes cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI.   CONCLUSION

For the foregoing reasons, Rosales-Jaimes' motion to revoke his supervised release (D.E. 40) is denied, his motions pursuant to § 2255 (D.E. 39, 42 and Cause Nos. 2:16-CV-176, 2:16-CV-406, D.E. 1) are DENIED. The government's motion to dismiss (D.E. 43) is GRANTED. Additionally, Rosales-Jaimes is DENIED a Certificate of Appealability.

It is so ORDERED.

**SIGNED** February 15, 2017.

_____
Marina Garcia Marmolejo
United States District Judge